UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Chartis Specialty Insurance Company, *Plaintiff* v. Tesoro Corporation, *Defendant*. | Civil Action No. 5:11-cv-00927-OLG |

_____

**DEFENDANT TESORO CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, STAY, OR TRANSFER THESE PROCEEDINGS TO THE NORTHERN DISTRICT OF CALIFORNIA**
_____

Roy T. Atwood (Tex. Bar No. 01428040)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

Bernard P. Bell
JONES DAY
51 Louisiana Ave. NW
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Counsel for Tesoro Corporation*

## **TABLE OF CONTENTS**

I.    AIG CONCEDES MATERIAL ISSUES THAT WARRANT DISMISSAL ..................... 1

II.    TEXAS CHOICE-OF-LAW PRINCIPLES POINT TO CALIFORNIA LAW, WHICH WEIGHS IN FAVOR OF DISMISSAL ............................................................................... 3

III.    AIG HAS ABUSED THE DECLARATORY JUDGMENT ACT, AND THE COURT SHOULD NOT ADJUDICATE AIG'S FIRST-FILED ACTION .................................................. 6

IV.    CONCLUSION ............................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*ACE Property and Casualty Ins. Co. v. PAR Electrical Contractors, Inc.*,
  H-11-1458 (S.D. Tex. Dec. 12, 2011) .................................................................................10

*AmSouth Bank v. Dale*,
  386 F.3d 763 (6th Cir. 2004) ...............................................................................................7

*Boren Swindell & Associates v. Friedman*,
  2:05-CV-064J, 2006 WL 739990 (N.D. Tex. Mar. 23, 2006) ..............................................8

*Broadhead v. Hartford Casualty Insurance Co.*,
  773 F. Supp. 882 (S.D. Miss. 1991) .....................................................................................4

*Cantaxx Gas Storage Ltd. v. Silverhawk Capital Partners*,
  H-06-1330, 2006 WL 1984627 (S.D. Tex. July 14, 2006) ..................................................8

*Chapa v. Mitchell*,
  05-CV-769-JN, 2005 WL 2978396 (W.D. Tex. Nov. 4, 2005) ...........................................8

*Data Management, Inc. v. Control Module, Inc.*,
  3:07-CV-0966, 2009 WL 424158 (N.D. Tex. Feb. 18, 2009) .............................................8

*Excess Underwriters at Lloyd's, London v. Franks Casing Crew & Rental Tools, Inc.*,
  246 S.W.3d 42 (Tex. 2008) ..................................................................................................7

*Farmers Texas County Mutual Insurance Co. v. Griffin*,
  955 S.W.2d 81 (Tex. 1997) (per curiam) .............................................................................7

*Gulf Coast Pharmsaceuticals, Inc. v. Priority Pharmaceuticals, Inc.*,
  09-CV-276, 2009 WL 4928140 (S.D. Miss. Dec. 18, 2009) ...............................................8

*Jones v. Francis Drilling Fluids, Ltd.*,
  No. G-07-0178, 2008 WL 5158268 (S.D. Tex. Dec. 9, 2008) .............................................5

*Lamonda v. S.E.C.*,
  3:10–CV–1190–P, 2011 WL 5080365 (N.D. Tex. Sept. 22, 2011) .....................................8

*Mission Insurance Co. v. Puritan Fashions Corp.*,
  706 F.2d 599 (5th Cir. 1983) ............................................................................................6, 7

*Pennzoil-Quaker State Co. v. American International Specialty Lines Insurance Co.*,
  653 F.Supp. 2d 690 (S.D. Tex. 2009) ...............................................................................4, 5

*Pertuit v. Youthspan, Inc.*,
   02-Civ.A-3443, 2003 WL 356021 (E.D. La. Feb. 13, 2003)......................................................8

*Reddy Ice Corp. v. Travelers Lloyds Insurance Co.*,
   145 S.W.3d 337 (Tex. Ct. App. 2004) ......................................................................................4

*Sherwin-Williams v. Holmes County*,
   343 F.3d 383 (5th Cir. 2003) .................................................................................................7, 8

*St. Paul Insurance Co. v. Trejo*,
   39 F.3d 585 (5th Cir. 1994) ............................................................................................8, 9, 10

*State Farm Fire & Casualty Co. v. Gandy*,
   925 S.W.2d 696 (Tex. 1996)......................................................................................................7

*Travelers Insurance Co. v. Louisiana Farm Bureau Federation*,
   996 F.2d 774 (5th Cir. 1993) .....................................................................................................7

*Twin City Insurance Co. v. Key Energy Services, Inc.*,
   Civ. No H-09-0352, 2009 WL 1544255 (S.D. Tex. June 2, 2009)............................................9

*USAA Casualty Insurance Co. v. Dydek*,
   SA-05-333-OG, 2006 WL 3068890 (W.D. Tex. Sept. 27, 2006)..............................................9

*Wells Fargo Bank Minnesota v. Wachovia Bank*,
   3:02-CV-1945, 2004 WL 2826773 (N.D. Tex. Dec. 9, 2004)...................................................8

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995)...................................................................................................................6

*Zurich American Insurance Co. v. Vitus Marine, LLC*,
   No. H-11-3022, 2011 WL 4972025 (S.D. Tex. Oct. 19, 2011) .................................................5

**OTHER AUTHORITIES**

5C Fed. Prac. & Proc. Civ. § 1360 (3d ed.) ...................................................................................10

Fed. R. Civ. P. 12..........................................................................................................................10

Restatement (Second) of Conflict of Laws § 193 (1971) .......................................................3, 4, 5

Defendant Tesoro Corporation ("Tesoro") respectfully submits the following reply in support of its Motion to Dismiss, Stay, or Transfer to the United States District Court for the Northern District of California the complaint filed by Plaintiff Chartis Specialty Insurance Company (formerly known as American International Specialty Lines Insurance Company, a member of the American International Group of insurance companies, hereinafter "AIG").

## I.     AIG CONCEDES MATERIAL ISSUES THAT WARRANT DISMISSAL

AIG's Response is more notable for things unsaid than things said.

*First,* AIG does not dispute that Texas law is more restrictive than California regarding the admission of secondary evidence in contract cases. This distinguishes each case on which AIG relies to support deference to its first-filed action, because none of those cases found that the first filer gained a substantive advantage in its preferred forum. Several cases cited by AIG defer to first-filed actions explicitly because doing so would *not* create substantive advantage.

*Second*, AIG does not dispute that the underwriter who sold this policy to one purchaser of the refinery (Ultramar), and then assigned it to a second (Tesoro), told both insureds that payments made by the seller (Tosco) pursuant to a $50 million environmental indemnity would satisfy the $50 million self-insured retention ("SIR") under the policy. In 2000, the AIG underwriter said to Ultramar: "It is our understanding that Tosco will be responsible for the $50,000,000."[1] In 2002, the same AIG underwriter said to Tesoro that "expenditures to satisfy the Tosco indemnity [should be] submitted to AIG in satisfaction of the retention under the policy."[2] Yet, AIG now contends that "payments made by Tosco . . . do not satisfy the SIR."[3]

---

[1] *See* Declaration of Bernard P. Bell ¶ 9 & Ex. D, Attachment 1 to Motion (Dkt. # 8) ("Bell Declaration").

[2] *Id*. Ex. B.

[3] Complaint ¶ 45, (Dkt. #1).

AIG does not dispute that what it said about the SIR when collecting the insurance premium is the direct opposite of what it now says ten years later when resisting a covered claim.

*Third*, AIG does not dispute that it filed in Texas on November 7 through counsel undisclosed to Tesoro, even as AIG was representing through its California counsel that AIG planned to continue settlement discussions on November 15.  AIG's Texas counsel – who were never involved in the claim – now say the parties were at "impasse."  This assertion is not supported by the declaration from AIG's California counsel or by common sense.  California counsel does not deny that AIG had scheduled the November 15 meeting, or that the parties planned then to discuss the SIR.  He does not declare that AIG conveyed to Tesoro that the parties were at impasse regarding the SIR.  (If the parties were at impasse, why would they schedule a fourth settlement meeting?)  California counsel says no more than that the parties had "conflicting views" on the SIR.  To address those conflicting views, and in preparation for the settlement meeting, Tesoro had on October 20 shared secondary evidence regarding the SIR.  AIG has never presented any evidence to support its interpretation of the SIR, other than counsel's say-so.  This is not an impasse; it is an ambush.

These undisputed facts together create an irrefutable inference that AIG sandbagged Tesoro in Texas, focusing on the SIR, in an attempt to argue under Texas law for the exclusion of uncontroverted evidence regarding the SIR.  That uncontroverted evidence establishes that all parties understood the SIR to operate exactly as Tesoro now contends, which is the only way the policy would make commercial sense.  Regardless of forum, AIG will not prevail on its choice of Texas law; nor will AIG prevent the trier of fact from considering this evidence.  What is critical to this motion is that AIG sought through its deception to gain substantive advantage.

These facts squarely present the compelling circumstances that warrant exception to the first-filed rule, and the inequity and forum shopping that constitute an abuse of the Declaratory Judgment Act. AIG's Texas case should yield to Tesoro's more comprehensive California action. Allowing this action to proceed would penalize Tesoro, which has attempted in good faith to negotiate settlement; it would reward AIG, which has attempted in bad faith to gain litigation advantage through subterfuge and sharp practices. This court should not countenance AIG's chicanery.[4]

## II.   TEXAS CHOICE-OF-LAW PRINCIPLES POINT TO CALIFORNIA LAW, WHICH WEIGHS IN FAVOR OF DISMISSAL

In arguing for the application of Texas law, AIG mischaracterizes the Restatement (Second) of Conflict of Laws, from which Texas choice-of-law principles derive. The Restatement provides that in insurance matters "the location of the insured risk will be given greater weight than any other single contact in determining the state of the applicable law provided that the risk can be located, at least principally, in a single state." Restatement (Second) of Conflict of Laws § 193 cmt. b (1971).

AIG mistakenly argues that the location of the insured risk is the predominant factor only if the policy was also solicited, negotiated, and formed in that same state. However, the Restatement gives the location of the insured risk "greater weight" than any other factor regardless of where the contract was made. A "number of reasons" – not just the place of

---

[4] AIG expends great rhetorical effort discussing facts not relevant to this motion, including the 2007 settlement between ConocoPhillips and Tesoro, and portions of the policy binder unrelated to the SIR. The 2007 settlement is not relevant to this motion to dismiss or to proper construction of the SIR. Similarly, AIG attempts to deflect attention from the overwhelming and uncontroverted evidence about the SIR by citing language about the policy period. But AIG seeks no declaratory relief regarding the policy period, and even AIG cannot contend that policy language reading "August 31, 2010" is ambiguous and really means "August 31, 2005." In any event, Tesoro became liable for most costs arising from "scheduled conditions" pursuant to government orders before 2005, including the Water Board Order issued on July 21, 2004. *See* Bell Declaration Ex. A.

contracting – "serve to explain why such importance is attached to the principal location of the insured risk." *Id*. at cmt. c.  Those reasons include that the location has an:

> intimate bearing upon the risk's nature and extent and is a factor upon which the terms and conditions of the policy will frequently depend. . . .  For these and other reasons, the location of the risk is a matter of intense concern to the parties to the insurance contract.  And it can often be assumed that the parties, to the extent that they thought about the matter at all, would expect that the local law of the state where the risk is to be principally located would be applied to determine many of the issues arising under the contract.  Likewise, the state where the insured risk will be principally located during the term of the policy has a natural interest in the determination of issues arising under the insurance contract.

*Id*.

Under the Restatement and Texas law, the location of the insured risk is the single most important factor in determining the law to be applied, if that location is in a single state.  This policy insured a risk located entirely in California.  Therefore, in the absence of other compelling interests, the law of California should apply regardless of the other Restatement factors.[5]

AIG rests its argument for Texas law mainly on cases construing policies that covered risks in *multiple* states.  *Pennzoil-Quaker State Co. v. Am. Int'l Specialty Lines Ins. Co.*, 653 F.Supp. 2d 690, 702–03 (S.D. Tex. 2009) ("policy covers risks located in many states"); *Broadhead v. Hartford Cas. Ins. Co.*, 773 F. Supp. 882, 892 (S.D. Miss. 1991) (policy "provided coverage for risks located in Texas, Louisiana and Mississippi"); *Reddy Ice Corp. v. Travelers Lloyds Ins. Co.*, 145 S.W.3d 337, 346 (Tex. Ct. App. 2004) ("policies at issue . . . provide nationwide . . . coverage").  But the Restatement specifically distinguishes such multi-state policies from single state policies:  "Situations . . . where the location of the risk has less

---

[5] AIG understood when it issued the policy in 2000 that the insured risk was located entirely in California, that the policyholder would pay tax on 100% of the premium in California, and would pay no tax on the premium in Texas.  *See* Bell Declaration Ex. D at 3.

4

significance, include . . . where the policy covers a group of risks that are scattered throughout two or more states." Restatement (Second) of Conflicts of Law § 193 cmt b.[6]

AIG cites only two insurance choice-of-law cases from Texas courts that do not involve multi-state policies. *Jones v. Francis Drilling Fluids, Ltd.*, No. G-07-0178, 2008 WL 5158268, at *6 (S.D. Tex. Dec. 9, 2008); *Zurich Am. Ins. Co. v. Vitus Marine, LLC*, No. H-11-3022, 2011 WL 4972025, at *4 (S.D. Tex. Oct. 19, 2011).

In both unreported cases, the Southern District of Texas applied non-Texas law as advocated by the policyholder rather than Texas law as sponsored by insurers. *Jones* supports Tesoro's argument, because the court held that under Texas choice-of-law principles derived from the Restatement, it would apply the law of the location of the insured risk. 2008 WL 5158268, at *6.

*Zurich American* also supports Tesoro's motion to the extent that the court transferred the insurer's first-filed Texas action to Washington federal court, where the policyholder had later filed. 2011 WL 4972025, at *4. Moreover, *Zurich American* was decided on narrow factual grounds relating to the parties' numerous face-to-face policy negotiations in Seattle. *Id.* In this case, AIG claims that the policy was negotiated in Texas (Opp. at 14), but the only underwriting meeting documented in the limited evidence AIG has submitted occurred at the refinery in California and was attended by AIG's California-based engineer.[7] *Zurich American* turns on face-to-face policy negotiations, and the only evidence of face-to-face negotiations that AIG

---

[6] In *Pennzoil*, AIG argued that a Texas court should apply Louisiana law to claims arising under a Pollution Legal Liability Select policy issued to a Texas oil refiner, because the pollution claims at issue arose at an insured refinery in Louisiana. 653 F.Supp. 2d at 702.

[7] *See* Opp. Ex. 5 (App. 000058).

5

supplies points here to California, not Texas.[8]  Finally, unlike *Zurich American*, the issues here raised are not limited to negotiation of the contract or the SIR provision.

Under Restatement principles, AIG has presented no evidence to override the location of the insured risk as the most important factor in choice of law.  In sum, Texas choice-of-law principles point to the application of California law, which is a further factor weighing in favor of the dismissal of this action.

### III. AIG HAS ABUSED THE DECLARATORY JUDGMENT ACT, AND THE COURT SHOULD NOT ADJUDICATE AIG'S FIRST-FILED ACTION

This court must exercise discretion in determining whether to entertain this declaratory judgment action.[9]  The Fifth Circuit decision most pertinent to the exercise of that discretion is *Mission Insurance*, a coverage dispute dealing with competing court actions – the first filed by the insurer, and the latter by the policyholder.  *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 600-01 (5th Cir. 1983).  *Mission* upheld the district court's refusal to hear the insurer's declaratory judgment action when doing so would inequitably permit the insurer to gain substantive advantage by abusive treatment of its policyholder.  *Id.* at 602 & n.3.  As AIG has done here, the insurer in *Mission* did not deny the claim, but represented to the policyholder that it was "investigating" the claim, while at the same time filing a surprise declaratory judgment action in Texas.  *Id.* at 602.  The Fifth Circuit held that "***these facts alone*** would be enough to support a finding of anticipatory filing."  *Id.* (emphasis supplied).

The policyholder in *Mission* presented additional evidence that it had been prepared to file in a different forum.  *Id.*  The Fifth Circuit found that the policyholder's readiness to file was

---

[8] Tesoro expects that further discovery will show that the original underwriting (in which Tesoro was not involved) took place to a great, and perhaps predominant, extent in California, given that the $100 million policy concerns pollution conditions in California.

[9] The Declaratory Judgment Act "gives the court a choice, not a command." *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

6

an additional ground for its ruling, but not the principal reason.  Certainly the Court did not establish, as AIG would have it, that an insurer's anticipatory filing may only be dismissed if the policyholder was also planning to file imminently, and the insurer was aware of that plan.[10]  *Id.*

Moreover, the policyholder in *Mission* faced a suit limitation provision in the policy, and was required to file suit by a fixed deadline or potentially lose its claim.  *Id.*  No similar suit deadline exists here.  Tesoro was not planning to attend the November 15 meeting with a complaint in its pocket. That supports, rather than undermines, Tesoro's argument that allowing AIG to secure its choice of forum through deceit is an abuse of the Declaratory Judgment Act.[11]

Rather than focus on the factually analogous decision in *Mission*, AIG relies heavily on two Fifth Circuit decisions decided principally on federalism concerns not implicated here. *Sherwin-Williams v. Holmes Cnty.*, 343 F.3d 383 (5th Cir. 2003); *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n*, 996 F.2d 774 (5th Cir. 1993).  Both cases emphasized that the plaintiffs had filed a federal declaratory judgment action when faced with the potential of defending multiple suits scattered across various state courts.  *Sherwin-Williams*, 343 F.2d at 398–99; *Travelers*, 996 F.2d at 777.  The Fifth Circuit found that the plaintiffs' efforts to efficiently resolve the dispute in a single forum were a reasonable use of the Declaratory Judgment Act.  *See Sherwin-Williams*, 343 F.2d at 399.  AIG has no such reasonable explanation for its suit.

---

[10] AIG's argument that its complaint cannot be anticipatory because Tesoro's California complaint was filed 21 days after being served is spurious.  Courts "take a dim view of declaratory plaintiffs who file their suits mere days *or weeks* before the coercive suits filed by a 'natural plaintiff' . . . ."  *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004) (emphasis supplied).

[11] AIG claims that the Texas Supreme Court "encourag[ed] prompt resolution of coverage disputes through declaratory actions" in *Excess Underwriters at Lloyd's, London v. Franks Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 67 (Tex. 2008).  But AIG cites to the dissent, not the majority.  Further, that dissent does not encourage insurers to file declaratory judgment actions in the midst of settlement negotiations.  Rather, the dissent, and the Texas Supreme Court cases it cites, hold that a liability insurer with a duty to defend need not always wait until an underlying lawsuit is resolved before seeking declaratory relief.  *See Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (per curiam); *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996).  These cases are inapposite and provide no cloak for AIG's misconduct here.

Further, in *Sherwin-Williams* all potential forums would apply the same law, and therefore the Fifth Circuit found that the plaintiff was not forum shopping. *Id*. The Court explicitly contrasted these facts with *Mission*, where the choice of forum might change the applicable law. *Id.*

AIG urges this Court to apply the non-exclusive factors identified in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994).[12] Like *Sherwin-Williams* and *Travelers Insurance*, *Trejo* is a federalism case. AIG and Tesoro each have filed in federal court, and federalism concerns are not implicated. Nevertheless, courts in this circuit have sometimes, but not always, applied the *Trejo* factors to this type of case.[13] In any event, each of the applicable *Trejo* factors supports dismissal.

Under *Trejo* Factor One, AIG incorrectly claims that the absence of a state court dispute weighs against dismissal. The vast majority of Texas courts applying *Trejo* to cases involving competing federal actions have held that the presence of an alternative federal forum weighs *in favor of* dismissal.[14] Here, *Trejo* Factor One favors dismissal.

---

[12] The *Trejo* factors are whether: (1) there is a pending state action in which all matters in controversy may be fully litigated; (2) plaintiff filed in anticipation of a lawsuit filed by defendant; (3) plaintiff engaged in forum shopping in bringing suit; (4) possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) federal court is convenient forum for parties and witnesses; (6) retaining the lawsuit in federal court would serve purposes of judicial economy; and (7) the court is being asked to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit is pending. 39 F.3d at 590–91. AIG agrees that Factor Seven does not apply here. Opp. at 8 n.4.

[13] *Compare Lamonda v. S.E.C.*, 3:10–CV–1190–P, 2011 WL 5080365, at *4 (N.D. Tex. Sept. 22, 2011) (applying *Trejo* factors on motion dismiss declaratory action in favor of concurrent federal action); *with Boren Swindell & Assoc. v. Friedman*, 2:05-CV-064J, 2006 WL 739990, *3-5 (N.D. Tex. Mar. 23, 2006) (dismissing declaratory action in favor of other federal litigation without discussing *Trejo*); *Wells Fargo Bank Minnesota v. Wachovia Bank*, 3:02-CV-1945, 2004 WL 2826773, *3-4 (N.D. Tex. Dec. 9, 2004) (weighing discretion to hear declaratory judgment claim without discussing *Trejo*).

[14] *See Lamonda*, 2011 WL 5080365 at *6; *Chapa v. Mitchell*, 05-CV-769-JN, 2005 WL 2978396, at *3 (W.D. Tex. Nov. 4, 2005); *Cantaxx Gas Storage Ltd. v. Silverhawk Capital Partners*, H-06-1330, 2006 WL 1984627, at *4 (S.D. Tex. July 14, 2006); *Gulf Coast Pharms., Inc. v. Priority Pharms., Inc*., 09-CV-276, 2009 WL 4928140, at *4 (S.D. Miss. Dec. 18, 2009); *Pertuit v. Youthspan, Inc*., 02-Civ.A-3443, 2003 WL 356021, at *5 (E.D. La. Feb. 13, 2003). *But see Data Mgmt., Inc. v. Control Module, Inc*., 3:07-CV-0966, 2009 WL 424158, at *4 (N.D. Tex. Feb. 18, 2009).

8

AIG next misapplies *Trejo* Factor Two (anticipatory filing) by inventing a standard by which this lawsuit can only be considered anticipatory if AIG had actual notice that Tesoro was planning to file imminently. As discussed above, *Mission Insurance* establishes beyond cavil that there is no such requirement. Rather, courts will deem a lawsuit anticipatory if the defendant notified the plaintiff "of a dispute *in an effort to settle the dispute without initiating litigation* only to have [the plaintiff] rush to the courthouse to secure its desired forum in the event that settlement discussions fail." *Twin City Ins. Co. v. Key Energy Servs., Inc*., Civ. No H-09-0352, 2009 WL 1544255, at *5 (S.D. Tex. June 2, 2009) (emphasis supplied). The anticipatory suit exception ensures that courts will decline to hear a surprise declaratory judgment action if doing so will prejudice a party that has attempted in good faith "to settle a dispute out of court." *Id.*

Under *Trejo* Factor Three (forum shopping), the facts create a strong inference that AIG filed in Texas trying to gain substantive advantage. This favors dismissal. *See USAA Cas. Ins. Co. v. Dydek*, SA-05-333-OG, 2006 WL 3068890, at *3 (W.D. Tex. Sept. 27, 2006).

Under Factor Four (inequities), permitting AIG to select the forum through subterfuge is clearly an inequity favoring dismissal. *See Twin City Ins. Co.,* 2009 WL 1544255 at *5.

Regarding Factor Five (relative convenience), the parties held their claim negotiations in California, not in Texas. AIG appointed California counsel to lead those negotiations. Virtually all documents, and most witnesses, are in California.[15] California is more convenient.

Finally, Factor Six (judicial economy) is best served by allowing the more comprehensive California lawsuit to proceed. Tesoro has asserted claims for coercive relief,

---

[15] Most documents produced thus far were not in electronic form until Tesoro converted them, which required a massive effort in California. Unless AIG contends that all discovery in this case is complete, producing further documentation will require extensive effort in California, where the documents exist in hard copy format.

9

including a ripe multi-million dollar claim that does not implicate the SIR. AIG claims that the more comprehensive nature of the California action is irrelevant, but that is not the law.[16] Therefore, *Trejo* Factor Six weighs in favor of dismissal.

## IV.    CONCLUSION

For the foregoing reasons and those in Tesoro's Motion, this Court should dismiss this case, stay it pending the outcome of the California lawsuit, or transfer it to California.[17]

Dated: December 22, 2011

Respectfully submitted,

/s/ Roy T. Atwood

Roy T. Atwood (Tex. Bar No. 01428040)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

Bernard P. Bell
JONES DAY
51 Louisiana Ave. NW
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Counsel for Tesoro Corporation*

---

[16] *See, e.g.*, Order at 11, *ACE Prop. and Cas. Ins. Co. v. PAR Elec. Contractors, Inc*., H-11-1458 (S.D. Tex. Dec. 12, 2011) (parallel California litigation "is much broader" and encompasses additional claims, weighing in favor of dismissal under *Trejo*).

[17] AIG is wrong to claim that Tesoro has failed to timely respond to the Complaint under Fed. R. Civ. P. 12. Opp. at 6 n.2. Motions to dismiss under the first-to-file exception and abuse of the Declaratory Judgment Act are widely permitted as pre-answer motions not specifically based on Rule 12. *See* 5C Fed. Prac. & Proc. Civ. § 1360 (3d ed.) (Courts "traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statute", including motions to stay and motions to dismiss based on pendency of a parallel action. "In most instances the federal judges do not base their power to entertain this type of motion on any specific rule or statute, but, as in the case of the motion to stay, speak only of their desire to promote judicial efficiency and to avoid conflicting opinions.").

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic transmission through the Court's Case Management Electronic Case Filing system to David H. Timmins, Esq. and Matthew Schroeder, Esq., 3000 Thanksgiving Tower, 1601 Elm Street, Dallas, Texas 75201, this 22nd day of December, 2011.

/s/ Roy T. Atwood
Roy T. Atwood