**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| Chartis Specialty Insurance Company,  *Plaintiff*  v.  Tesoro Corporation,  *Defendant*. | Civ. Action No. 5:11-cv-00927-OLG-PMA |

_____

**DEFENDANT TESORO CORPORATION'S RESPONSE TO PLAINTIFF'S NOTICE OF ORDER TRANSFERRING PARALLEL CALIFORNIA ACTION TO THIS COURT**
_____

In accordance with this Court's Order entered on March 6, 2012, defendant Tesoro Corporation ("Tesoro") respectfully submits the following response to the Notice of Order Transferring Parallel California Action to This Court (Dkt. #16) (March 5, 2012) ("Notice") filed by Plaintiff Chartis Specialty Insurance Company (formerly known as American International Specialty Lines Insurance Company, a member of the American International Group of insurance companies, hereinafter "AIG").

This Court should independently determine whether this case should be dismissed, stayed or transferred to the Northern District of California, as requested in Tesoro's pending motion. The California court, by ruling first on AIG's motion in California, did not usurp this Court's role to decide Tesoro's pending motion. Instead, the California court held that as to Tesoro's contention "that the balance of convenience factors should nonetheless weigh in favor of a departure from application of the first-to-file rule, the Court finds that this determination should

1

be made by the Texas court . . . ."[1]  AIG has unabashedly told this Court that through that ruling, the California court has agreed with AIG that venue for these matters must lie in Texas, and asked the Court to deny Tesoro's motion to transfer on that basis.[2]  AIG is incorrect.

The Fifth Circuit follows the general approach "that the court in the first-filed action ordinarily should decide whether the first-filed rule applies, and therefore whether the action there should take precedence."  See 17 James Wm. Moore et al., Moore's Federal Practice – Civil § 111.13 (2012) (citations omitted).  "In the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will try the case."  *Mann Mfg., Inc. v. Hartex, Inc.,* 439 F.2d 403, 407 (5th Cir. 1971).  *See also Rickey Land & Cattle Co. v. Miller & Lux*, 218 U.S. 258, 262 (1910) ("the court first seized should proceed to the determination" of how to proceed); *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 605 (5th Cir. 1999) ("under Fifth Circuit precedent [the first-to-file] balancing act is reserved only for the first-filed court"); *Save Power Ltd. v. Syntek Finance Corp.,* 121 F.3d 947, 950 (5th Cir. 1997) ("The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."); *West Gulf Maritime Assoc. v. ILA Deep Sea Local 24,* 751 F.2d 721, 728–32 (5th Cir. 1985) (same).

Before the California court issued its Order, all parties agreed that the court with jurisdiction over the first-filed case generally determines which case should proceed.  AIG's opposition to the pending Texas motion said that "this Court decides which of the two cases will

---

[1] Order at 3–4, *Tesoro Corp. v. Chartis Specialty Ins. Co.*, No. 4:11-cv-05718 (N.D. Cal. March 2, 2012) (Dkt. #36).

[2] Notice at 2.

proceed."[3]  Similarly, AIG argued to the California court that, "under well-established law, this [California] court is to defer to the court in the previously filed Texas action to resolve the issue of the appropriate court in which this dispute should be heard."[4]

Tesoro stated in its pending Texas motion that "[i]n the Fifth Circuit, 'the court initially seized of a controversy' is ordinarily the one to decide whether it will try the case . . . ."[5]  In California, Tesoro acknowledged the general rule that the first-filed court determines which action will proceed, subject to certain exceptions regarding the respective comprehensiveness of the competing actions, and the convenience of the parties and witnesses.[6]  The California Order does not fall within those exceptions; in fact on these points, the California court specifically defers to this Court.

Now that the California court has ruled, AIG changes its tune, and now overstates the reach of the California Order.  That Order does not preclude this Court from exercising the role accorded to it under Fifth Circuit precedent.  The California court acknowledged that "it is the court with the first filed action that should normally weigh the balance of convenience and any other factors that might create an exception to the first-to-file rule."  Order at 2 (citation omitted).  The California court was "not persuaded" by Tesoro's argument that AIG had filed in Texas in

---

[3] Plaintiff Chartis Specialty's Response to Tesoro's Motion to Dismiss, Stay, or Transfer at 19, *Chartis Specialty Ins. Co. v. Tesoro Corp.,* No. 5:11-cv-00927 (W.D. Tex. Dec. 12, 2011) (Dkt. #9).

[4] Defendant Chartis Specialty's Reply in Support of Motion to Dismiss, Transfer, or Stay at 1, *Tesoro Corp. v. Chartis Specialty Ins. Co.*, No. 4:11-cv-05718 (N.D. Cal. Jan. 11, 2012) (Dkt. #24).

[5] Defendant Tesoro Corporation's Motion to Dismiss, Stay, or Transfer at 11, *Chartis Specialty Ins. Co. v. Tesoro Corp.,* 5:11-cv-00927 (W.D. Tex. Nov. 30, 2011) (Dkt. #8) (citing *Mann Mfg*., 439 F.2d at 407).

[6] Specifically, Tesoro's opposition to AIG's California motion stated that "AIG correctly suggests that the convenience analysis is typically made by the court in which the first action was filed, and Tesoro has submitted these arguments in its motion to dismiss the Texas Action.  However, 'in appropriate cases' the court in the second-filed action may 'give consideration to the convenience of the parties and witnesses.'  The convenience factors weigh so clearly in favor of California that such a review is warranted here.  Further, this court may judge whether the action pending before it is broader than the first-filed complaint, such that more comprehensive relief is offered by a departure from the first-to-file rule."  Plaintiffs' Opposition to Defendant's Motion to Dismiss, Transfer, or Stay at 19, *Tesoro Corp. v. Chartis Specialty Ins. Co.*, No. 4:11-cv-05718 (N.D. Cal. Jan. 4, 2012) (Dkt. #21) (internal citations omitted).

bad faith; nor was the Court "convinced that evidence of forum shopping is present." *See* Order at 3. But, in closing, the California court stressed deference to this Court on the application of the first-to-file rule.

The California Order does not preclude this Court from deciding whether exceptions to the first-to-file rule apply. Here, as in a similar case from the Western District of Washington, "the language [in the second-filed court's order] regarding no evidence of an improper purpose or forum shopping was directed solely towards permitting this [first-filed] court to decide the applicability of the first-to-file rule." *Topics Entm't, Inc. v. Rosetta Stone Ltd.*, No. C09-1408, 2010 WL 55900, at *3 n.1 (W.D. Wash. Jan. 4, 2010). *See also Agrihouse, Inc. v. Agrihouse*, L.L.C., No. 08-cv-02404, 2009 WL 1033763, *2 (D. Colo. Apr. 16, 2009) (declining preclusive effect to language in an order declining jurisdiction on first-to-file grounds, stating that court should "not regard the language relied upon by Plaintiffs as binding but rather as *dicta* in an opinion in which deference to this Court was the controlling factor"). The parties have fully briefed the applicability of the first-to-file rule to this Court. Tesoro asserts that exceptions to the first-to-file rule apply, and that the balance of convenience weighs in favor of proceeding with this action in California, and requests that the Court transfer the case to the Northern District of California.

AIG has suggested that it will file a motion to consolidate the two parallel cases in Texas, but consolidation is premature. This Court must first decide whether the litigation will proceed in California or Texas. Once this Court resolves that issue, whichever court retains the dispute can determine the most orderly way to proceed, given the differences in the parties to the two cases, as well as the inconsistent theories asserted by AIG. AIG has invoked the jurisdiction of this court asserting that there is a justiciable dispute with Tesoro Corporation; meanwhile, AIG

has moved to dismiss Tesoro's California complaint pursuant to Rule 12(b)(6), asserting that there is no justiciable dispute with Tesoro Corporation.

In sum, Tesoro submits that this Court should rule independently on Tesoro's pending Motion, and grant it for the reasons fully explained in the briefs on file.

Dated:  March 19, 2012                                  Respectfully submitted,

/s/  Roy T. Atwood_____

Roy T. Atwood (Tex. Bar No. 01428040)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

Bernard P. Bell
JONES DAY
51 Louisiana Ave. NW
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Counsel for Tesoro Corporation*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served by first class United States mail or by electronic transmission through the Court's Case Management Electronic Case Filing system to David H. Timmins, Esq. and Matthew Schroeder, Esq., 3000 Thanksgiving Tower, 1601 Elm Street, Dallas, Texas 75201, this 19th day of March, 2012.

                                            /s/ Roy T. Atwood
                                            Roy T. Atwood