# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**CHARTIS SPECIALTY INSURANCE COMPANY,**

      **Plaintiff,**

**v.**

**TESORO CORPORATION,**

      **Defendant.**

**CIVIL NO.  SA-11-CA-927-OG**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**TO:**    **Honorable Orlando L. Garcia**
        **United States District Judge**

Pursuant to the order of referral in the above-styled and numbered cause of action to the undersigned United States Magistrate Judge[1] and consistent with the authority vested in United States Magistrate Judges under the provisions of 28 U.S.C. § 636(b) and rule 1 of the Local Rules for the Assignment of Duties to United States Magistrate Judges in the Western District of Texas, the following report is submitted for your review and consideration.

## I.  JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201.

## II.  SUMMARY OF PROCEDURAL HISTORY

**A.**    **Instant Case**

Plaintiff Chartis Specialty Insurance Company ("Chartis Specialty") initiated this action on November 7, 2011, by filing its original complaint against defendant Tesoro Corporation

---

[1]  Docket no. 15 (Mar. 2, 2012).

("Tesoro").[2]  The original complaint alleges there is an actual controversy between the parties regarding the coverage provided under the Pollution Legal Liability Select Policy (the "Policy"), number PLS 6190132, issued by Chartis Specialty for the period August 31, 2000 to August 31, 2010.[3]  Specifically, the original complaint seeks a declaration pursuant to 28 U.S.C. § 2201 *et seq.* "of Chartis Specialty's and Tesoro's rights and obligations"[4] under the Policy's "separate $50 million self-insured retention provision" (the "SIR provision").[5]  Chartis Specialty specifically requests the Court declare:

a.    Tesoro has not yet satisfied the Policy's SIR[;]

b.    The remediation costs that are not otherwise covered by the Policy do not satisfy or erode the SIR[;]

c.    The amounts Tesoro recovered from ConocoPhillips in the settlement do not satisfy or erode the SIR[;]

d.    Chartis has no obligation to pay for past or future remediation costs until the amounts recovered by Tesoro from ConocoPhillips are fully exhausted in the payment of such costs and Tesoro has satisfied the SIR separate and apart from the amounts recovered from ConocoPhillips; and

e.    Remediation costs paid by Tosco or ConocoPhillips that they were legally obligated to incur under the Joint Investigation and Remediation Agreement or any regulatory requirement do not satisfy or erode the SIR.[6]

On November 30, 2011, Tesoro filed a motion to dismiss, stay, or transfer this case to the

---

[2]  Docket no. 1.

[3]  Id. at 2.

[4]  Id. at 8.

[5]  Id. at 3.

[6]  Id. at 9.

Northern District of California, with exhibits.[7]  On December 12 and 13, 2011, Chartis Specialty

filed its response and corrected response with appendix of exhibits.[8]  On December 22, 2011,

Tesoro filed its reply with a compendium of out-of-state cases.[9]  Chartis Specialty filed an

advisory on January 11, 2012, giving notice of a corrected citation.[10]  Tesoro filed a response to

the advisory on January 20, 2012.[11]

On March 2, 2012, the District Judge referred the case to the undersigned for disposition

of all pretrial matters.[12]  On March 5, 2012, Chartis Specialty filed a notice with the order from

the United States District Court for the Northern District of California, transferring to this Court

a parallel California action filed by Tesoro.[13]  Based on the California order, Chartis Specialty

---

[7]  Docket no. 8 and exhibits.  Chartis Specialty submits its exhibits with an authenticating declaration of Bernard P. Bell, Tesoro's attorney with further attached exhibits, as follows: exhibit A – the original complaint in Tesoro Corp., et al. v. Chartis Specialty Ins. Co., filed in the United States District Court for the Northern District of California on November 29, 2011, transferred to this Court on March 19, 2012, and docketed as SA-12-CV-256-OLG (at times, "Tesoro action"); exhibit B – handwritten notes of Charles Doerr; exhibit C – e-mail communications dated Nov. 4, 2011; and exhibit D – the Aug. 29, 2000 coverage binder issued by  a [Chartis Specialty] underwriter; and a compendium of out-of-state cases.

[8]  Docket nos. 9 and 11 with appendix.  The appendix has twenty-six exhibits, including: the declarations of W. David Campagne and Jason B. Heep; the original complaint in the present action; the Policy; various e-mail communications and letters; the meeting agenda for July 21 and 22, 2011; affidavit of service on Tesoro; the "US Courts, June 2011 Judicial Caseload Profile;" and compendium of out-of-state cases.

[9]  Docket no. 12.

[10]  Docket no. 13.

[11]  Docket no. 14.

[12]  Docket no. 15.

[13]  Docket no. 16 and exhibit A.

"request[ed] that this Court deny [Tesoro's] motion to dismiss, stay or transfer this action."[14]   On March 6, 2012, the undersigned directed Tesoro to respond to Chartis Specialty's request.[15] Tesoro filed its response on March 19, 2012, stating "the Court should rule independently on Tesoro's pending Motion."[16]

## B.     Parallel Case

On November 29, 2011, Tesoro and Tesoro Refining and Marketing Company (collectively, "Tesoro") filed their original complaint with demand for jury trial in the United States District Court for the Northern District of California.[17]   The original complaint names Chartis Specialty as defendant and alleges causes of action for breach of the Policy with respect clean-up costs or losses at the Refinery resulting from scheduled pollution conditions; breach of the Policy with respect to clean-up costs and losses at the Amorco Terminal resulting from unscheduled pollution conditions; and breach of the implied covenant of good faith and fair dealing regarding Chartis Specialty's actions under the Policy.[18]   In addition, the original complaint states a claim for declaratory relief regarding "the rights and obligations of the parties" regarding interpretation of the SIR provision, specifically that:

a.  Past costs spent as a result of federal and state government orders have exhausted and exceeded the $50 million SIR;

---

[14]  Id. at 2

[15]  Docket no. 17.

[16]  Docket no. 18 at 5.

[17]  4:11-CV-05718-PJH, docket no. 1.

[18]  Id. at 19-20, 21-22, and 22-25.

b.  [Chartis Specialty] must reimburse all of Tesoro's past Clean-Up Costs and Losses, resulting from scheduled pollution conditions at or around the Refinery, that are in excess of any applicable self-insured retention; and

c.  [Chartis Specialty] must cover all of Tesoro's future Clean-Up Costs or Losses resulting from scheduled pollution conditions at or around the Refinery, including all such Clean-Up Costs or Losses resulting from the ongoing groundwater and Free Phase Liquid Hydrocarbon Recovery Programs, or from scheduled pollution conditions at or emanating from any of the waste management units or areas of concern, identified in (without limitation) the EPA 1989 RCRA Order, the EPA 1990 RCRA Order, and the Water Board 1990, 1992, 1999, 2000, 2004 and 2007 Orders, subject only to the upper limit of the Policy.[19]

The original complaint also seeks a declaration that:

a.  [Chartis Specialty] must reimburse all of Tesoro's past Clean-Up Costs and Losses spent at the Amorco Terminal, an unscheduled pollution condition, that are in excess of the $500,000 deductible; and

b.  [Chartis Specialty] must cover all of Tesoro's future costs of responding to government orders regarding environmental conditions at the Amorco Terminal, including without limitation the Water Board 2007 Order.[20]

On November 29, Tesoro also filed notice of the action pending in this Court.[21]  On December 13, 2011, Chartis Specialty filed a response to Tesoro's notice of pending action,[22] and on December 14, a corrected response.[23]  On December 21, 2011, Chartis Specialty filed a motion to dismiss the original complaint or for more definite statement and separate motion to

---

[19]  Id. at 22.

[20]  Id. at 24.

[21]  Docket no. 2.

[22]  Docket no. 7.

[23]  Docket no. 9.

dismiss, stay, or transfer the case to this Court.[24]

On January 4, 2012, Tesoro filed the following pleadings: first amended complaint, alleging the same causes of action and adding a request for reformation of the contract; and separate responses to Chartis Specialty's motions to dismiss.[25]  On January 11, 2012, Chartis Specialty filed a reply in support of its motion to dismiss, stay, or transfer.[26]  On January 14, 2012, Chartis Specialty withdrew its motion to dismiss the original complaint or for more definite statement.[27]  On January 18, 2012, Chartis filed its Rule 12(b)(6), Federal Rules of Civil Procedure, motion to dismiss the first amended complaint.[28]  Tesoro filed its response on February 2, 2012,[29] and Chartis Specialty filed its reply on February 8, 2012.[30]

On March 2, 2012, District Judge Phyllis Hamilton granted Chartis Specialty's motion to transfer the case to this Court and declined to rule on Chartis Specialty's Rule 12(b)(6) motion.[31] The Northern District of California electronically transferred the case to this Court on March 19, 2012,[32] when it was assigned to United States District Judge Orlando L. Garcia and assigned

---

[24] Docket no. 13 and 14.

[25] Docket nos. 19, 20, and 21.

[26] Docket no. 24.

[27] Docket no. 26.

[28] Docket no. 29.

[29] Docket no. 31.

[30] Docket no. 35.

[31] Docket no. 36 at 4.

[32] SA-12-CV-256-OLG, docket no. 37.

docket number SA-12-CV-256-OLG.[33]

### III.  FACTUAL BACKGROUND

Plaintiff Chartis Specialty, formerly known as American International Specialty Lines Insurance Company, is an Illinois corporation with its principal place of business in New York, New York.[34]  Defendant Tesoro is a Delaware corporation with its principal place of business in San Antonio, Texas.[35]  The Golden Eagle Refinery ("Refinery"), formerly known as Avon Refinery, is located near the city of Martinez, California.[36]

In 2000, Ultramar Diamond Shamrock purchased the Refinery from Tosco Refining Company and Tosco Corporation (collectively, "Tosco").[37]  In the asset purchase agreement, Tosco agreed to indemnify Ultramar for certain environmental liabilities in a total aggregate amount of $50 million.[38]  Ultramar purchased the Policy from Chartis Specialty to insure the Refinery for the period August 31, 2000 to August 31, 2010.[39]  "The Policy covers environmental costs for known conditions in excess of a $50 million self-insured retention, [the SIR provision],

---

[33]  See docket entry dated Mar. 19, 2012.

[34]  SA-11-CV-927-OLG, docket no. 1 at 1; see also SA-12-CV-256, docket no. 19 at 6 ("Tesoro complaint").  Chartis Specialty has presented as an exhibit the original complaint in the Tesoro action.  Docket no. 8, exhibit A to Bell decl.  Because the first amended complaint is the "live" pleading in the Tesoro action, all citations are to that pleading.

[35]  Docket no. 1 at 1; Tesoro complaint at 6.

[36]  Docket no. 1 at 2; Tesoro complaint at 7.

[37]  Docket no. 1 at 3 and 4; Tesoro complaint at 8 and 9.

[38]  Docket no. 1 at 4; Tesoro complaint at 9 and 10.

[39]  Docket no. 1 at 2; Tesoro complaint at 10.

and costs for unknown, later discovered conditions subject to a $500,000 deductible."[40]

In May 2002, Ultramar sold the Refinery to Tesoro, and Tesoro assumed Ultramar's rights and obligations, including the indemnity rights from Tosco.[41]  On May 17, 2002, Chartis Specialty substituted Tesoro as the named insured on the Policy.[42]  In November 2003, Tesoro sued Tosco in California state court, alleging fraudulent concealment of the environmental conditions at the Refinery.[43]  In March 2007, Tesoro settled its dispute with ConocoPhillips, the successor to Tosco, for $58.5 million and assumed responsibility for certain environmental liabilities.[44]  Tesoro released ConocoPhillips, Tosco, and Phillips (a predecessor to Tosco) from any claims.[45]  Tesoro did not obtain Chartis Specialty's consent to the settlement or notify Chartis Specialty until approximately two and one-half years after the settlement.[46]

On February 13, 2007, Tesoro gave Chartis Specialty notice of circumstances under the Policy with respect to conditions at the Refinery.[47]  On July 18, 2007, Chartis Specialty sent Tesoro a reservation of rights letter, acknowledging the $50 million SIR provision and asking to

---

[40] Docket no. 8 at 3 (citing docket no. 1 at 3; Tesoro complaint at 10 and 11).

[41] Docket no. 1 at 4; Tesoro complaint at 12.

[42] Id.

[43] Docket no. 1 at 4; Tesoro complaint at 14.

[44] Docket no. 1 at 5; Tesoro complaint at 15.

[45] Id.

[46] Docket no. 1 at 5.

[47] Id.; Tesoro complaint at 17.

be kept apprised of developments.[48]

On October 8, 2009, Tesoro notified Chartis of the settlement and the receipt of the $58.5 million payment.[49]  On the same day, Tesoro demanded coverage from Chartis Specialty for conditions at Amorco Wharf, a satellite terminal at the Refinery, for which Tesoro claimed its expenses exceeded the SIR provision and the Policy deductible.[50]  Chartis Specialty acknowledged Tesoro's claim and said it would begin an investigation.[51]  In July and August 2010, Tesoro re-urged its demand for coverage above the $500,000 deductible and claimed it had exhausted the $50 million SIR provision.[52]  Specifically, Tesoro demanded "reimbursement of $19,988,000 in past clean up costs that exceeded the $50 million SIR and $9,645,587 for remediation costs associated with new conditions at the Amorco Wharf exceeding the $500,000 deductible."[53]  Tesoro also demanded that Chartis Specialty cover all current and future clean-up costs at the Refinery.[54]  On November 10, 2010, Chartis Specialty again issued a reservation of rights letter, acknowledging the settlement and Tesoro's receipt of $58.5 million in exchange for the release of ConocoPhillips.[55]  Chartis Specialty expressly reserved its rights as to whether it

---

[48] Id.

[49] Docket no. 1 at 6.

[50] Id.; Tesoro complaint at 17.

[51] Docket no. 1 at 7; Tesoro complaint at 17.

[52] Docket no. 1 at 7; Tesoro complaint at 17 and 18.

[53] Docket no. 1 at 7.

[54] Id.

[55] Id.

was prejudiced by the settlement and whether Tesoro satisfied the $50 million SIR provision.[56]

In July and September 2011, representatives from Tesoro and Chartis Specialty met three times in California to discuss Tesoro's claim.[57]  The parties agreed to a fourth meeting in New York in approximately mid-November 2011.[58]  Before the meeting occurred, Chartis Specialty filed this declaratory action on November 7, 2011.[59]  Tesoro filed the parallel action in the Northern District of California on November 29, 2011.  Chartis Specialty and Tesoro dispute their "respective obligations and rights" under the Policy and whether Tesoro exhausted the SIR provision.[60]

## IV.  SUMMARY OF ARGUMENTS

Tesoro argues "[t]he Court should decline to decide this declaratory judgment action for two reasons[:] [f]irst, [Chartis Specialty's] complaint is a classic example of litigation by ambush . . . [as] Tesoro was in the midst of what it though were good faith settlement negotiations" when the complaint was filed; and second, "a more comprehensive action between the parties is pending before the Northern District of California, which is the more appropriate forum."[61]  Tesoro argues "the circumstances of this case clearly indicate" Chartis Specialty is

---

[56] Id.

[57] Tesoro complaint at 19; docket no. 11 at 5.

[58] Tesoro complaint at 19.

[59] See docket no. 1; Tesoro complaint at 20.

[60] Docket no. 1 at 7-8; Tesoro complaint at 2-6.

[61] Docket no. 8 at 1-2.

attempting "to use the Declaratory Judgment Act to secure a perceived procedural advantage."[62]
Tesoro asserts that at the time the complaint was filed, Chartis Specialty "behaved as if it were
negotiating (albeit at a snail's pace), and there was no indication of an impasse."[63]  Tesoro
contends: the parties met three times in July and September 2011; Tesoro provided voluminous
documentation to support the claim "beginning in fall of 2010 and continuing since then;" on
October 20, 2011, Tesoro presented extrinsic evidence in support of its interpretation of the SIR
provision;[64] Chartis Specialty had agreed to a meeting on November 15, 2011; on November 4,
2011, Chartis Specialty's attorney represented he would provide clarification on the following
Monday about the planned meeting; and on that Monday, November 7, Chartis filed this action
"to secure its choice of forum."[65]  Tesoro argues if its claim was denied outright, Chartis
Specialty "would have expected Tesoro to file a claim for breach of contract in California, the
site of the insured property."[66]

Tesoro also argues the extrinsic evidence it provided regarding the contract "may explain
why" Chartis Specialty wants to "avoid litigation in California," as a court in that state "would
likely apply" law that "a court must receive extrinsic evidence of intent as part of its
determination of whether a contract is ambiguous."[67]  Tesoro asserts Texas law "is more

---

[62] Id. at 8.

[63] Id.

[64] Id.

[65] Id. at 9.

[66] Id.

[67] Id.

restrictive . . . [on] admission of secondary evidence,"[68] and Texas choice-of-law principles "compel that California law be applied to this dispute even in Texas, further confirming that this Court should decline to hear this case."[69]

Tesoro argues the first-to-file rule is not applicable because the factors relevant to disregarding the rule "independently weigh in favor of dismissing, staying, or transferring this action, and collectively they present circumstances clearly compelling this court to defer to the California action."[70]  In addition to Chartis Specialty's "bad faith attempt to secure its choice of forum,"the comprehensive nature of the parallel case, and Texas choice-of-law principles, Tesoro asserts "the convenience of the parties and witnesses" favor the case being resolved in California.[71]

In response, Chartis Specialty argues it filed this action where Tesoro has its headquarters because the parties "were at an impasse in their discussions about the SIR provision."[72]  Chartis Specialty asserts, "The Western District is an appropriate venue because Tesoro is headquartered here, the negotiation of the policy and subsequent endorsements occurred here, and key witnesses are located here."[73]  Chartis Specialty argues that Tesoro has not cited to "Fifth Circuit cases that lay out the principles of declaratory proceedings and instead, simply tries to tarnish Chartis

---

[68] Id.

[69] Id. at 10.

[70] Id. at 12.

[71] Id. at 13; see also id. at 12-14.

[72] Docket no. 11 at 1.

[73] Id.

Specialty's first-filed lawsuit by using buzz words like 'preemptive strike,' 'forum shopping,' 'bad faith,' and even 'chicanery.'"[74]  Chartis Specialty asserts that "Tesoro does not dispute there is an 'actual controversy' or that the Court has the authority to issue a declaratory judgment to determine the operation of the SIR provision."[75]  Chartis Specialty also asserts Tesoro must meet a "high burden to allow its second-file case to take precedence."[76]  Finally, Chartis Specialty contends that "a proper balancing of the pertinent factors . . . demonstrates that dismissal, stay, or transfer of this suit would be an abuse of this Court's discretion."[77]

In its reply brief, Tesoro argues Chartis Specialty's "response is more notable for things unsaid than things said," specifically that Chartis Specialty does not dispute: Texas law is more restrictive with respect to extrinsic evidence; the underwriter who sold the Policy represented Tosco's indemnity payments would satisfy the SIR provision; and Chartis Specialty filed this case while at the same time representing to Tesoro its intent to continue negotiations.[78]  Tesoro asserts that "[t]hese undisputed facts together create an irrefutable inference that [Chartis Specialty] sandbagged Tesoro in Texas . . . and establishes that all parties understood the SIR was to operate exactly as Tesoro now contends[.]"[79]  Tesoro further argues the facts "squarely

---

[74]  Id. at 2.

[75]  Id.

[76]  Id.

[77]  Id. at 8; see also id. at 8-20 (applying facts to factors).

[78]  Docket no. 12 at 1-2.

[79]  Id. at 2.

present the compelling circumstances that warrant an exception to the first-filed rule."[80]  Tesoro contends Chartis Specialty "mischaracterizes the Restatement (Second) of Conflict Laws, from which the Texas choice-of law principles derive," specifically with respect to application of the "location of the insured risk" factor.[81]  Tesoro argues, in sum, that Chartis Specialty focuses on "Fifth Circuit decisions decided principally on federalism concerns that are not implicated here," rather than authority that is analogous to the facts in this case.[82]  Finally, assuming the applicability of the authorities Chartis Specialty cites, Tesoro argues those authorities favor dismissing the present action.[83]

## V.  ISSUE

Whether or not insurer Chartis Specialty's first-filed action for declaratory judgment (docketed as this case) should be dismissed, stayed, or transferred in favor of litigation filed by Tesoro (in the United States District Court for the Northern District of California and later transferred to this Court).

## VI.  STANDARDS

Pursuant to the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.]"[84]  The Act "confers discretion on the courts" to grant declaratory

---

[80]  Id. at 3,

[81]  Id.; see also id. at 4-6.

[82]  Id. at 7; see also id. at 6-8.

[83]  Id. at 8-10.

[84]  28 U.S.C. § 2201(a).

14

relief instead of giving litigants an "absolute right" to such relief.[85]  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[86]  Thus, the Court, in its discretion, may elect to dismiss the present case by refusing to exercise jurisdiction over it.

When there is a substantially related case pending in another federal court, "the court initially seized of a controversy should be the one to decide whether it will try the case."[87]  The Fifth Circuit has identified three factors a court must consider to make this determination: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."[88]

A case is justiciable if an "actual controversy" – "a substantial controversy of sufficient immediacy and reality" – exists between the litigants.[89]  The second factor, authority to grant declaratory relief, requires the court to determine if substantially similar state and federal proceedings are pending, and if the Anti-Injunction Act bars the court from intruding in the state action.[90]  When the substantially similar proceedings are pending in federal courts, the second factor is not implicated as the court of first filing will automatically have authority to decide the

---

[85]  <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 287-88, 115 S.Ct. 2137, 2143 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.").

[86]  <u>Id.</u> at 288, 115 S.Ct. at 2143.

[87]  <u>Mann Mfg., Inc. v. Hortex, Inc.</u>, 439 F.2d 403, 407 (5th Cir. 1971).

[88]  <u>Sherwin-Williams Co. v. Holmes County</u>, 343 F.3d 383, 387 (5th Cir. 2003)

[89]  <u>Orix Credit Alliance, Inc. v. Wolfe</u>, 212 F.3d 891, 895-96 (5th Cir. 2000).

[90]  <u>Sherwin-Williams</u>, 343 F.3d at 388 n.1.

claim.[91]

If the action for declaratory relief is justiciable and the court has authority to grant relief, the court considers the third factor, whether, in its discretion, to decide or dismiss the case.[92]  The Fifth Circuit has identified seven nonexclusive factors (the "Trejo factors") to aid the court's analysis:

> (1)    whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2)    whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3)    whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4)    whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5)    whether the federal court is a convenient forum for the parties and witnesses;
>
> (6)    whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7)    whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[93]

If the court does not "analyze and balance the facts and circumstances of the [case] against [the

---

[91]  See Everest Indem. Ins. Co. v. Allied Int'l Emergency, L.L.C., No. 4:08-CV-678-Y, 2009 WL 2030421, at * 2 (N.D. Tex. July 14, 2009); Mill Creek Press, Inc. v. The Thomas Kinkaid Co., No. 3:04-CV-1213-G, 2004 WL 2607987, at * 5 (N.D. Tex. Nov. 16, 2004).

[92]  See Sherwin-Williams, 343 F.3d at 387-88.

[93]  Sherwin-Williams, 343 F.3d at 388 (quoting St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994)).

Trejo] factors, [] it will be deemed to have abused its discretion."[94]

## VII.   DISCUSSION

### A.   Effect of Transfer Order of United States District Court for the Northern District of California

As an initial matter, Chartis Specialty asks this Court to deny Tesoro's motion to dismiss, stay, or transfer based on the California order transferring the Tesoro action to this Court.[95]  In response, Tesoro asserts the California court "did not usurp this Court's role to decide Tesoro's pending motion" and "[t]his Court should independently determine whether this case should be dismissed, stayed, or transferred to the Northern District of California."[96]  Tesoro argues the California court deferred to "this Court on the application of the first-to-file rule."[97]

Both the Fifth Circuit and courts in the Ninth Circuit follow the general rule that the court in which the action was first filed is the "appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."[98]  If there is a "substantial

---

[94]   Mill Creek Press, 2004 WL 2607987 at * 6 (citing Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 390 (5th Cir. 2001); Trejo, 39 F.3d at 591).

[95]   Docket no. 16 at 2.

[96]   Docket no. 18 at 1.

[97]   Id. at 4.

[98]   Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997); see also CRU Acquisition Group, LLC v. Mykey, No. 3:11-CV-5743-RBL, 2012 WL 441293, at * 1 (W.D. Wash. Feb. 10, 2012) (explaining "the court with jurisdiction over the first-filed action should normally weigh the balance of convenience and any other factors that might warrant an exception to the first-to-file rule" and citing Genentech v. Eli Lilly & Co., 998 F.2d 931, 938 (9th Cir. 1993), abrogated on other grounds by, Wilton, 515 U.S. at 277, 115 S.Ct. at 2137 and Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 628 (9th Cir. 1991)); SAP Am., Inc. v. Purple Leaf, LLC, No. C-11-4601 PJH, 2012 WL 49239, at * 1 (N.D. Cal. Jan. 9, 2012) (same).

overlay" in the two cases, the court where the first case was filed will determine which of the two cases should proceed.[99]

The California court applied this general rule in determining that this Court should balance the convenience factors and decide whether to depart from the first-to-file rule.  The California court stated:

> [R]egardless whether the last meeting scheduled by the parties was in fact abandoned by Chartis in view of the imminent filing of the Texas action (a contention which is suggested rather than proved by [Tesoro]), the court does not find that such a fact, standing alone is sufficient to support the conclusion that the Texas action was filed in bad faith.  Nor is the court convinced that evidence of forum shopping is present, considering the fact that [Tesoro's] own headquarters are located in the very forum about which it complains here.
>
> In so far as [Tesoro] contend[s] that the balance of convenience factors should nonetheless weigh in favor of a departure from application of the first-to-file rule, the court finds that this determination should be by the Texas court[.][100]

Clearly, the California court's order does not determine whether to apply an exception to the first-to-file rule.  Instead, the California court expressly deferred to this Court on the issue.

Moreover, the Tesoro Action and the present case substantially overlap in that they involve the same parties and concern the same issue – the parties' rights and obligations under the Policy.  Thus, this Court must determine which case should proceed.  Accordingly, to the extent Chartis Specialty requests the Court to deny Tesoro's motion to dismiss, stay, or transfer without addressing the first-to-file rule, the request should be **denied**.

---

[99]  <u>Cadle Co. v. Whataburger of Alice, Inc.</u>, 174 F.3d 599, 605-06 (5th Cir. 1999); <u>Save Power</u>, 121 F.3d at 950; <u>Mann Mfg.</u>, 439 F.2d at 408.

[100]  Docket no. 36, exhibit A.

**B.      Application of First-to-File Standards**

As discussed, in determining which of the two cases at issue should proceed under the first-to-file rule, the Court must determine whether Chartis Specialty's declaratory judgment action is justiciable, whether the Court has the authority to grant relief, and "whether to exercise its discretion to decide or dismiss the action."[101]

**1.      justiciability and authority**

Regarding the first question, whether Chartis Specialty's declaratory judgment action is justiciable,[102] the parties have sued each other in separate federal courts regarding the interpretation of the SIR provision.  This demonstrates there is an actual controversy of sufficient immediacy and reality between the parties who have adverse legal interests.[103]  Thus, Chartis Specialty's declaratory judgment action is justiciable.

With respect to the second question, whether the Court has the authority to grant declaratory relief,[104] no state actions would be impacted by any decision from this Court, as the dispute is between parties who have sued each other in federal court.  Chartis Specialty's action is substantially similar to the parallel federal action that Tesoro filed in the Northern District of California and was subsequently transferred to this Court.  Therefore, because there are no pending related state court actions and the Court has diversity jurisdiction, the Court has

---

[101]   Sherwin-Williams, 343 F.3d at 387.

[102]   Id.

[103]   See Orix Credit, 212 F.3d at 895-96.

[104]   Sherwin-Williams, 343 F.3d at 387.

authority to decide this declaratory action.[105]

## 2.    exercise of discretion

Because Chartis Specialty's declaratory judgment action is justiciable and the Court has authority to grant relief, the Court must address the third question – whether to exercise its discretion to dismiss the action in favor of Tesoro's second-filed case.[106]  The Court determines whether to dismiss this action based on analysis of the seven Trejo factors.[107]

### a.    federalism and comity

The first and seventh Trejo factors address federalism and comity concerns, that is, "the proper allocation of decision-making between state and federal courts."[108]  Here, the parties have sued only in federal courts, albeit initially in two different districts.  Therefore, "the proper allocation of decision-making between state and federal courts" is not at issue.[109]  Nevertheless, the fact that there is a pending parallel federal action should be considered.[110]

The declaration Chartis Specialty seeks in the present action – "a declaration of Chartis

---

[105]  See id. at 387-88.

[106]  Id. at 387.

[107]  See Trejo, 39 F.3d at 590-91.

[108]  Sherwin-Williams, 343 F.3d at 391-92 (citing concerns identified in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 62 S.Ct. 1173 (1942)); see also id. at 394 and 397.

[109]  Id. at 391-92, 394, 397.

[110]  Canatxx Gas Storage Ltd. v. Silverhawk Capital Partners, LLC, No. H-06-1330, 2006 WL 1984627, at * 5 (S.D. Tex. July 14, 2006); Watkins Strategy & Res. Grp., LLC, 433 F.Supp. 2d 778, 782 (S.D. Miss. 2006); see also Chapa v. Mitchell, No. A-05-CV-769-JN, 2005 WL 2978396, at * 3 (W.D. Tex. Nov. 4, 2005) (considering effect of parallel federal claim); Lamonda v. Securities & Exch. Comm'n, No. 3:10-CV-1190-P, 2011 WL 5080365, at * 6 (N.D. Tex. Sept. 22, 2011) (same), adopted by, 2011 WL 5101504, at *1 (N.D. Tex. Oct. 26, 2011).

Specialty's and Tesoro's rights and obligations under the [Policy]" – is an issue in, and can be decided in, the more comprehensive Tesoro action, which is now pending in this Court. Therefore, the first and seventh <u>Trejo</u> factors – whether there is a pending action in which all of the matters in controversy may be fully litigated and whether the Court is being called on to construe a judicial decree involving the same parties and entered by a court in a parallel suit between the same parties[111] – weigh in favor of dismissal of Chartis Specialty's action.[112]

> **b.    fairness**

The second, third, and fourth <u>Trejo</u> factors address fairness concerns, that is, "distinguish[ing] between legitimate and improper reasons for forum selection."[113]  Given that both actions are now pending in this Court, the fairness factors appear to be neutral with respect to whether the present declaratory action should be dismissed.  Moreover, the California court found there was no evidence Chartis Specialty acted in bad faith by filing the present action. Nevertheless, because nothing suggests the California court considered factors similar to the <u>Trejo</u> fairness factors, this report weighs the fairness factors.

With respect to the second <u>Trejo</u> factor – anticipation of defendant's lawsuit – "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of [other] litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum

---

[111] <u>Sherwin-Williams</u>, 343 F.3d at 388.

[112] <u>See</u> <u>Chapa</u>, 2005 WL 2978396 at * 3; <u>Lamonda</u>, 2011 WL 5080365, at * 6.

[113]  <u>Sherwin-Williams</u>, 343 F.3d at 391-92 (citing concerns identified in <u>Brillhart</u> 316 U.S. 491, 62 S.Ct. 1173).

shopping."[114]  "A proper purpose of [an action for declaratory judgment] is to allow potential

defendants to resolve a dispute without waiting to be sued[.]"[115]  Therefore, that Chartis Specialty

could anticipate from lengthy negotiations that Tesoro would file a lawsuit if its claim was

denied, and filed this lawsuit based on that anticipation, does not necessarily weigh for or against

dismissal.

On the other hand, Tesoro presents uncontroverted evidence that, as late as 4:30 p.m. on

the Friday before Chartis Specialty filed this action on Monday November 7, 2011, the parties

anticipated having a settlement a meeting in New York on or about November 15.[116]  Chartis

Specialty contends the parties were at an impasse but cites no evidence to suggest Tesoro

believed the matter could not be resolved through negotiations, such as that Tesoro threatened to

sue or refused to cooperate with requests for information about the claim, or that Chartis

Specialty in some way conveyed its intent to end the negotiations.  Moreover, that Tesoro did not

file its action for approximately three weeks after the present action suggests Tesoro likely

anticipated continued negotiations.  Therefore, the second Trejo factor weighs in favor of

dismissing this action.

With respect to the third Trejo factor – forum shopping – given the Tesoro action was

transferred to this Court, there is no doubt that Chartis Specialty's declaratory judgment action

had the effect of depriving Tesoro of its choice of forum in California.  But, the question is

--------

[114]  Id. at 391.

[115]  Id. at 397.

[116]  Docket no. 8, Bell decl. at exhibit C.

whether Tesoro is prejudiced in this forum.[117]   In that regard, it is undisputed that Tesoro has its

principal place of business in the San Antonio Division of the Western District of Texas.   Tesoro

does not dispute that the terms of the Policy were negotiated in Texas, and the Policy was issued

and delivered in Texas.   Despite these undisputed facts, Tesoro contends Chartis Specialty's

declaratory judgment action should be heard in California because "choice-of-law principles

suggest California law should govern the dispute."[118]   Assuming Tesoro's contention is a correct

interpretation of the applicable choice-of-law provisions, Tesoro does not explain why this Court

would be unable to apply California law to resolve the claims in this case or claim that some

novel area of California law governs the dispute.[119]   Accordingly, the third <u>Trejo</u> factor weighs in

favor of allowing this action to proceed.

     In addressing the fourth <u>Trejo</u> factor, the Court considers the existence of possible

inequities.   Here, Chartis Specialty's declaratory judgment action has the possible effect of

reversing the parties' roles, depriving Tesoro of its position as the plaintiff aggrieved by Chartis

Specialty's alleged improper failure to pay Tesoro's claim pursuant to the terms of the Policy.[120]

In addition, courts in the Fifth Circuit recognize that:

> Potential plaintiffs should be encouraged to attempt settlement discussions (in
> good faith and with dispatch) prior to filing lawsuits without fear that the
> defendant will be permitted to take advantage of the opportunity to institute

---

[117]   See <u>Data Mgt., Inc. v. Control Module, Inc.</u>, No. 3:07-CV-0966-O, 2009 WL 424158, at * 6 (N.D. Tex. Feb. 18, 2009).

[118]   Docket no. 8 at 10.

[119]   See <u>Canatxx</u>, 2006 WL 1984627 at * 5.

[120]   See <u>Chapa</u>, 2005 WL 2978396 at * 3; <u>Pertuit v. Youthspan, Inc.</u>, Nos. 02-1188 & 02-3443, 2003 WL 356021, at * 6 (E.D. La. Feb. 13, 2003).

litigation in a district of its own choosing before plaintiff files an already-drafted complaint.[121]

Allowing Chartis Specialty to proceed with its declaratory judgment action would penalize Tesoro for attempting to resolve the dispute without litigation. Therefore, the fourth <u>Trejo</u> factor weighs in favor of dismissing Chartis Specialty's declaratory judgment action. Overall, the three <u>Trejo</u> fairness factors weigh in favor of dismissal.

      **c.**    **efficiency**

The fifth and sixth <u>Trejo</u> factors address efficiency concerns.[122] The fifth <u>Trejo</u> factor – whether this Court is a convenient forum – concerns the convenience of the parties and potential witnesses. This factor is neutral as both actions are presently pending in this Court, and the parties, witnesses, and evidence will ultimately ended up in this forum. With respect to the sixth factor – judicial economy – the present case and the Tesoro action are at the same procedural posture – awaiting the decision in this case. Nevertheless, because Tesoro's case in this Court includes a cause of action to declare the rights and obligations of the parties under the SIR provision, all of the issues raised in Chartis Specialty's declaratory judgment action can be fully

---

[121] <u>909 Corp. v. Village of Bolingbrook Police Pension Fund</u>, 741 F.Supp. 1290, 1293 (S.D. Tex. 1990); <u>Merle Norman Cosmetics v. Martin</u>, 705 F.Supp. 296, 299 (E.D. La. 1988) (quoting <u>Columbia Pictures Indus. v. Schneider</u>, 435 F.Supp. 742, 747-48 (S.D. N.Y. 1977), <u>aff'd</u>, 573 F.2s 1288 (2nd Cir. 1978)); <u>see also</u> <u>Chapa</u>, 2005 WL 2978396 at * 3 n.4 (citing <u>909 Corp.</u>); <u>Twin City Ins. Co. v. Key Energy Serv., Inc.</u>, No. H-09-0352, 2009 WL 1544255, at * 5 (S.D. Tex. June 2, 2009) ("[T]he primary reason courts have recognized the anticipatory suit exception to the first-to-file rule is to avoid penalizing a party that has attempted to settle a dispute out of court."); <u>Johnson Bros. Corp. v. International Bhd. of Painters</u>, 861 F.Supp. 28, 29 (M.D. La. 1994) (same).

[122] <u>Sherwin-Williams</u>, 343 F.3d at 391-92 (citing concerns identified in <u>Brillhart</u>, 316 U.S. 491, 62 S.Ct. 1173).

addressed in the Tesoro action.[123]   Accordingly, the sixth <u>Trejo</u> factor favors dismissing Chartis Specialty's declaratory judgment action.

    **3.**       **conclusion**

In sum, Chartis Specialty's declaratory judgment action is justiciable, and this Court has the authority to grant the requested relief.   Nevertheless, the seven <u>Trejo</u> federalism and comity, fairness, and efficiency factors weigh in favor of the Court exercising its discretion to dismiss Chartis Specialty's first-filed declaratory judgment action.

As an alternative to dismissal, the undersigned has considered if the Court, *sua sponte*, should order the consolidation of this action with the Tesoro action.   At the time of filing a notice of the entry of the order transferring the Tesoro action from federal court in California to this Court, Chartis Specialty indicated it anticipated filing a motion to consolidate the two actions.[124] But, as of this date, no party has filed a motion to consolidate.   As discussed, Chartis Specialty's sole action for a declaration regarding the parties' rights and obligations under the SIR is also a an issue raised in the more comprehensive Tesoro action.[125]   The pleadings do not disclose any issue, such as a statute of limitations bar, that would suggest the substantial rights of any party would be affected by the Court dismissing the present action without prejudice and in favor of further litigation in the Tesoro action, as opposed to consolidating this action with the subsequently docketed Tesoro action.   The record also does not show that the federal court in California, or this Court, has entered a scheduling order in the Tesoro action, or that the deadline

---

[123]   <u>Compare</u> text accompanying nn.4-6 <u>with</u> text accompanying nn.18-20.

[124]   Docket no. 18 at 2.

[125]   <u>Compare</u> text at n.6 <u>with</u> text at n.19.

for seeking leave to amend pleadings has expired in the Tesoro action.  Thus, the clear

presentation of the issues is furthered by dismissing this action in favor of the Tesoro action.

Accordingly, Tesoro's motion to dismiss should be **granted** and all claims presented in this case

should be dismissed without prejudice to the parties litigating the claims in the Tesoro action,

docketed and pending in this Court as SA-12-CV-00256-OLG.

## VIII.  RECOMMENDATIONS

Based on the foregoing discussion, it is recommended that:

- the request of Chartis Specialty in its "Notice of Order Transferring Parallel California Action to This Court" to deny Tesoro's motion to dismiss, transfer, and stay[126] be **DENIED**; and

- Tesoro's motion to dismiss, transfer, or stay[127] be **GRANTED in part and DENIED in part**: Tesoro's motion to dismiss Chartis Specialty's declaratory judgment action should be **granted** and Chartis Specialty's declaratory action in this case should be **DISMISSED** without prejudice to the parties litigating their claims in the Tesoro action, docketed in this Court as SA-12-CV-00256-OLG; and otherwise the motion should be **denied**.

## IX.  INSTRUCTIONS FOR SERVICE AND NOTICE
## OF RIGHT TO OBJECT/APPEAL

The United States District Clerk shall serve a copy of this report and recommendation on

all parties by either: (1) electronic transmittal to all parties represented by an attorney registered

as a Filing User with the Clerk of Court pursuant to the Court's Procedural Rules for Electronic

Filing in Civil and Criminal Cases; or (2) by certified mail, return receipt requested, to any party

not represented by an attorney registered as a Filing User.  As provided in 28 U.S.C. § 636(b)(1)

and FED. R. CIV. P. 72(b), any party who desires to object to this report must **file** with the District

---

[126]  Docket no. 16 at 2.

[127]  Docket no. 8.

Clerk and **serve** on all parties and the Magistrate Judge written Objections to the report and recommendation within **14** days after being served with a copy, unless this time period is modified by the District Court.  A party filing Objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report will bar the party from receiving a *de novo* determination by the District Court.[128]  Additionally, a party's failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report will bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[129]

**SIGNED** and **ENTERED** this 11th day of April, 2012.

_Pamela A. Mathy_
**PAMELA A. MATHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[128]  See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472 (1985).

[129]  Acuna v. Brown & Root Inc., 200 F.3d 335, 340 (5th Cir. 2000); Douglass v. United Serv. Auto. Ass'n., 79 F.3d 1415, 1428 (5th Cir.1996).